UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN PAUL DOTHARD,

        Petitioner,        Case No. 1:11-cv-753

v.        Honorable Robert J. Jonker

MARY BERGHUIS,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

    I.        Factual allegations

Petitioner Kevin Paul Dothard presently is incarcerated at the Earnest C. Brooks Correctional Facility. Following a jury trial, Petitioner was convicted of one count of armed robbery, MICH. COMP. LAWS § 750.529, and one count of unarmed robbery, MICH. COMP. LAWS § 750.530. On August 6, 2008, the Ingham County Circuit Court sentenced him as a fourth felony offender, MICH. COMP. LAWS § 769.12, to two terms of imprisonment of 20 to 40 years.

Petitioner appealed his convictions to the Michigan Court of Appeals, raising nine issues: (1) violation of due process when the trial court denied his motion to be referred for a competency evaluation; (2) ineffective assistance of counsel; (3) denial of counsel at a critical stage of the proceedings due to an unconstitutional waiver of counsel; (4) judicial bias; (5) violation of the Fifth and Sixth Amendments by the court's denial of Petitioner's motion for substitute counsel; (6) insufficient evidence to support the convictions; (7) unconstitutional composition of the jury venire; (8) erroneous jury instructions; and (9) prosecutorial misconduct. In an unpublished opinion issued February 9, 2010, the court of appeals affirmed on all grounds. Petitioner sought reconsideration, which was denied on April 1, 2010.

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. According to his habeas application, Petitioner raised only three issues in his application to the supreme court: (1) unconstitutional composition of the jury venire; (2) prosecutorial misconduct; and (3) judicial bias. (Am. Pet., docket #6, Page ID#51.) The supreme court denied leave to appeal on July 26, 2010.

In his amended habeas application, Petitioner raises six grounds for relief:

    I.        The State trial court violated petitioner[']s due process rights failing to refer him to [the] Center for Forensic Psychiatry for [a] competency hearing where bona fide doubt existed.

    II.       Petitioner [was] denied counsel at critical stage. Petitioner[']s invocation of the right to self representation was equivocal.

    III.     Petitioner and appt. counsel filed motions (motion for substitution of counsel) (motion to withdraw). Petitioner was denied his rights under the 5, 6, and 14 amendments.

    IV.     The evidence was insufficient to convict the petitioner beyond a reasonable doubt.

    V.      The trial judge was actually biased and pierced the veil of impartiality and showed deep seated favoritism.

    VI.    Prosecutorial misconduct denied Petitioner a fair trial.

(Am. Pet., Page ID##53, 55-56, 58, 62.)

        II.     <u>Failure to exhaust available state-court remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to paragraph 9(g) of Petitioner's amended complaint, only two of Petitioner's habeas grounds (Grounds V and VI) have been fully exhausted. While Petitioner presented his remaining habeas grounds to the Michigan Court of Appeals, he did not present those issues to the Michigan Supreme Court. As a consequence, he has not fully exhausted the claims. *See Duncan*, 513 U.S. at 365-66 (requiring claims be raised in the highest court).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often

effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on July 26, 2010. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, October 25, 2010. Accordingly, Petitioner has one year, or until October 25, 2011, in which to file his habeas petition. Although Petitioner filed his initial petition on July 21, 2011, he failed to use the required form petition. *See* Rule 2(d), RULES GOVERNING § 2254 CASES; W.D. Mich. LCivR 5.6(a). He was ordered to file an amended petition on the form, which was not received by this Court until October 18, 2011.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[1] In the instant case, Petitioner has far less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for the his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.


Dated:     October 24, 2011              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE